## FLAUTO v. KOVACH et.

Ohio Appeals, 7th Dist., Mahoning Co.

Decided March 23, 1928.

Thomas, J., of the 4th, and Williams, J., of the 6th Dist., sitting.

### First Publication of This Opinion.

Syllabus by Editorial Staff.

755. MECHANICS' LIENS.

Incorrect description of property against which it is sought to enforce mechanics' lien, invalidates such lien.

1012. REFORMATION—775. Mistake.

Reformation can only be claimed where there was mutual mistake.

Appeal from Common Pleas.

Judgment for defendant.

Thos. E. Antonelli, Youngstown, for Flauto.

McKain & Ohl, Youngstown, for Kovach, et.

## FULL TEXT.

FARR, J.

The action in the court below was to foreclose a lien. The cause came on to be heard and resulted in a judgment for the defendant, on which an appeal was perfected in this court. The facts are quite familiar to all parties interested, and it is well understood that the only issue raised here is whether an incorrect description of the property against which it is sought to enforce a mechanic's lien invalidates such lien. In the instant case the property was described as lot No. 302 in the City of Campbell, County of Mahoning and State of Ohio, whereas it is conceded that the property involved is lot No. 306 in the Village

of East Youngstown, now known as the City of Campbell, and, as above stated, does this discrepancy invalidate the lien?

Section 8314 GC., provides what the contents of the affidavit shall be to secure such lien, and among other things it is provided that "a description of the property to be charged with the lien" shall be necessary. Reflecting upon the construction of this statute is the case of Lapham v. Ransford, et al., 5 CC., Rep. N. S., 577, where in the first proposition of the syllabus, it is held that:

"While liberality should be exercised in construing the rights of parties under a mechanic's lien, when it has once attached the statute must be strictly followed in construing the lien."

Likewise, and to the same effect, is the principle announced in 18 R.C.L., 940, Sec. 75. This, together with the numerous authorities and cases to the same effect cited in the briefs of defendants, leads to the conclusion that such mistake invalidates the lien.

It might be urged that reformation of the description or an amendment might be made. However, reformation could only be claimed where there was a mutual mistake of the parties, which could not be claimed in the instant case. An examination of the cases cited in behalf of plaintiff do not sustain the plaintiff's contention in the instant case.

Therefore, for the reasons given, it follows that the finding must be for the defendant and judgment accordingly.

(Thomas and Williams, JJ., concur.)